In re Reeseville Drainage District: Lueck, Appellant.

*February 5—February 24, 1914.*

*Costs: Drainage proceedings: Statutes construed.*

1. No costs are recoverable in any judicial proceeding except as clearly authorized by statute.

2. Statutes commonly give costs to the prevailing party against his adversary, and plain language would be required to provide for a recovery for the benefit of losing parties or their creditors.

3. In sec. 11, ch. 419, Laws of 1905 (sec. 1379—21, Stats. 1911),— providing that when a drainage petition or proceeding is dismissed as provided in secs. 4, 7, or 27 of said chapter "a judgment shall be entered against the petitioners and in favor of the commissioners for the costs, expenses and liabilities incurred in said proceedings, but for the benefit of those who have rendered services or advanced money in the prosecution of said proceedings, or have recovered costs on successful contests therein,"—the reference to sec. 4 (sec. 1379—14) was obviously a mistake, since in case of a dismissal under that section there would be no commissioners in whose favor judgment could be entered.

4. In construing the statute the court cannot go so far as to read into it the word "contestants," so as to make it provide for a judgment in favor of such contestants for the costs, expenses, and liabilities mentioned in case of a dismissal under said sec. 4.

5. The fact that the legislature subsequently (by ch. 633, Laws of 1913) amended the statute so as to provide for "a judgment in favor of the contestants or commissioners," does not indicate that the word "contestants" was previously left out by mistake.

6. Whether sec. 1379—21, Stats., deals with costs and expenses of any persons other than those who have successfully prosecuted or defended as petitioners, commissioners, or contestants, is doubted.

Appeal from an order of the circuit court for Dodge county: Chester A. Fowler, Judge. *Affirmed.*

Proceedings by the attorney for petitioners under the drainage law, after the dismissal of their petition for insufficiency with taxable costs against them in favor of remon-

strants, to have the reasonable value of his services and that of others and all liabilities incurred and expenditures made in their behalf in the proceedings, determined, and for judgment in favor of remonstrants against them for the benefit of the several claimants, the amounts to be apportioned between such petitioners according to acreage of land they respectively represented. In due course the proceedings were dismissed.

For the appellant there were briefs by *R. W. Lueck, in sua propria persona,* and *Otto Kuenzli,* of counsel, and oral argument by *Mr. Kuenzli.*

For the respondents there was a brief by *Kading & Kading,* and oral argument by *C. A. Kading.*

MARSHALL, J. Counsel for appellant does not complain of the order dismissing the drainage proceedings. Therefore respondents' suggestion as to nonappealability of said order, and immunity of it from attack in the circuit court, will be passed as inconsequential.

Are the costs and expenses of the petitioners, and debts contracted by them in prosecuting the proceedings for establishment of the drainage district, recoverable by way of enforcing the order of dismissal? That is the question to be decided. Its solution turns on the statute. No costs are recoverable in any judicial proceeding except as clearly thus authorized.

In deciding the suggested question there is little or no use of referring. to statutes or decisions of other states and we shall, therefore, pass all citations in that respect without further notice.

Counsel cite authorities, mostly foreign, on the general subject of statutory construction. We must pass such citations, because the rules governing the matter are elementary and have been too often stated and applied in this court to leave any good reason for going elsewhere for light on the subject. Moreover it is useless to attempt construction until ambiguity shall have been discovered in the written law

which calls for construction. A statute cannot, properly, be
read otherwise than literally merely to effect a particular ob-
ject—as if it were within the office of construction to put
meaning into a legislative enactment by that process. The
office of construction is to discover the meaning which the
lawgivers placed in the statute to be construed. True, where
to give effect to a law in its letter would lead to some absurd
or very unreasonable result, ambiguity exists, for it is pre-
sumed the legislature did not intend to make a law of that
character, and, so, in such a case it is proper to apply well
known rules for construction to give to such a statute such
meaning as to avoid any absurdity or unreasonable character,
if thereby a meaning can be gathered from such enactment
which will do so and seemingly effect the legislative purpose.
But that does not apply here, since there could hardly be any-
thing suggested more absurd than a requirement that the
costs and expenses of the losing parties in a judicial proceed-
ing may be adjudged therein in favor of their adversaries for
their benefit and that of those to whom they are indebted.
That is out of harmony with the whole theory of recoverable
costs. Statutes commonly give costs to the prevailing party
against his adversary, or make some equitable provision there-
for. Therefore it requires courage to claim that the drain-
age statute contemplates something radically different and to
maintain it by judicial construction.

Enough has been said to indicate that, unless sec. 1379—
21 (see sec. 11, ch. 419, Laws of 1905) of the drainage law
as it existed when the proceedings in question occurred,
clearly supports appellant's claim, the order complained of is
right. It provided for recovery of "costs, expenses, and lia-
bilities incurred in said proceedings, but for the benefit of
those who have rendered services or advanced money in the
prosecution of said proceedings, or have recovered costs on
successful contests" in case of the petition or proceedings be-
ing dismissed as provided in secs. 4, 7, or 27. The first sec-

tion is now sec. 1379—14, Stats., the next is now sec. 1379—19 and sec. 1379—20, and the last is included in sec. 1379—31*f*. That the reference to sec. 4 was a mistake is obvious because only a judgment in favor of the commissioners was provided for and a dismissal under such section would be in advance of there being any commissioners. Counsel for appellant, appreciating that, invokes construction to avoid it; but how can the court read into sec. 4 the word "remonstrants" so as to give vitality thereto on the subject under discussion, unless it be clear that the legislature intended it to be there?

It is the office of judicial construction to get out of an enactment what the legislature put into it, in terms or effect, viewing words as if in their proper order and omitted words in place which are there by necessary or reasonably clear implication. Construction can go a great way, but there is a limit. It is reached before judicially making law, though it may, and often does, go to the extent of getting sense out of a law where none could be discovered by reading it just as enacted. That is well illustrated in *Neacy v. Supervisors of Milwaukee Co.* 144 Wis. 210, 128 N. W. 1063.

The fact that the legislature, by ch. 633, Laws of 1913, amended sec. 1379—21, Stats., so as to provide for "a judgment in favor of the contestants" as well as "commissioners," harmonizing it with sec. 1379—14, does not indicate that the legislature of 1905, by mistake left such word out of sec. 4 of the drainage law in 1905, any more than it does that the legislature of 1913 made the mistake of adding such word without dropping out the provision from the latter in respect to costs in favor of the petitioners. Provision having been made, originally, for such costs in case of a dismissal in advance of there being commissioners, it was useless to refer to the subject in what is now sec. 1379—21. It seems much more likely that the first legislature made the mistake of referring, in said sec. 11, to sec. 4 and did not intend to make

provision for costs in favor of the contestants in the latter and again in the former, than that it intentionally omitted to use the word "contestants" as well as the word "commissioners." Sec. 4 (sec. 1379—14, Stats.), in case of the contestants prevailing in advance of commissioners being appointed, covers the subject, according to the ordinary way of allowing costs to a prevailing party,—covers it the same as in sec. 1379—20, Stats. (sec. 7 of the law of 1905). It is notable that while the last legislature sought to make some sensible reference in sec. 1379—21 to sec. 1379—14 by interpolating the word "contestants" in each of two places after the word "commissioners," it dropped out the former reference to sec. 7, now sec. 1379—20, thus creating worse confusion than before. Secs. 1379—14 and 1379—20 are in harmony, read by themselves, and always were, but by the late change intended to cure confusion in the act of 1905, a different provision is found as to costs in the one from that in the other, under the same circumstances, to wit, when the contestants·are the prevailing parties.

In the situation mentioned we cannot see any warrant for reading sec. 1379—14, as it formerly existed, as if it contained the word "contestants" following the word "commissioners."

If we could surmount the difficulty indicated and read sec. 1379—14 as desired, there would still be difficulty. It is by no means clear that sec. 1379—21 deals with costs and expenses except of such persons as have successfully prosecuted or defended as petitioners, commissioners, or contestants. As said before, ordinarily, only costs of prevailing parties are contemplated in judicial proceedings and against adverse parties. Any different recovery, as for instance that of costs incurred by or in behalf of the moving parties for the benefit of their creditors, would be such an out of the current matter that plain language would be required to provide for it.

No more need be said. We cannot find warrant in the

statute for sustaining appellant's position. We cannot engraft anything onto the drainage law on the subject of costs by reading the same in connection with the provision for costs in actions and special proceedings. Such subject having been specially covered in the law, it is exclusive except as the ordinary fee-bill costs is inferentially referred to in sec. 1379— 14. The term "at the cost of the petitioner" doubtless means such costs as are taxable in favor of a prevailing party according to the general policy of the written law as found in the provisions with reference to costs in actions and special proceedings.

*By the Court.*—The order is affirmed.